UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE MOSAIC AND TERRAZZO
WELFARE FUND, MOSAIC & TERRAZZO
PENSION FUND, MOSAIC & TERRAZZO
ANNUITY FUND,                                              **REPORT AND**
                    Plaintiff(s),         **<u>RECOMMENDATION</u>**

      -against-                                  CV 06-0640(JS) (WDW)

SUPERIOR STONE & TERRAZZO CORP.,

                    Defendant(s).
------------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

       This matter has been referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation with respect to whether a default judgment should enter and if so, the relief to be awarded. Plaintiffs are Trustees of the Mosaic and Terrazzo Welfare, Pension and Annuity Trust Funds ("the Funds"). They seek a judgment compelling the defendant, Superior Stone and Terrazzo Corporation ("Superior"), to pay delinquent fringe benefit contributions, along with interest and penalties under ERISA. The undersigned recommends that a default judgment be entered and that the plaintiffs be awarded $66,048 in unpaid fringe benefit contributions, $4,440.69 in interest, $4,440.69 in statutory damages, $290 in costs, and $2,038.50 in attorneys' fees, for a total of $77,257.88.

## BACKGROUND

       The plaintiffs initiated this action on or about February 14, 2006, by filing the complaint and issuing a summons. Superior has not answered the complaint or otherwise appeared in the action. On July 18, 2006, plaintiffs moved for default [DE#3], and on July 24, 2006, the Clerk of the Court entered a notation of default. The motion for default was referred to the undersigned

on or about August 18, 2006. In response to an order issued by the undersigned on August 21, 2006 [DE#6], plaintiffs submitted additional papers in support of their motion and indicated their intent to rely upon the papers for purposes of the damages inquest. [See DE#7]. Defendant did not submit any papers in opposition, despite being served with all relevant filings.

## DISCUSSION

Based on the facts set forth in the Affidavit of Michael Vollbrecht, plaintiffs' counsel, the undersigned recommends that a default judgment be entered. Entry of a default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *Dae Woo Kim v. City of New York*, 1990 U.S. Dist. LEXIS 7137, at *5 (S.D.N.Y. June 11, 1990) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Here, Superior is such an unresponsive party, and the plaintiffs are entitled to entry of a default judgment.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

Superior was a party to a collective bargaining agreement with non-party Mosaic, Terrazzo and Chemical Product Decorative Finisher Mason Workers Association Local No. 7 or

New York, New Jersey & Vicinity International Union of Bricklayers and Allied Craftworkers ("the Agreement), which obligated it to submit to the plaintiffs contributions for fringe benefits for all hours of covered work performed by its employees. Vollbrecht Aff. ¶¶10-11. The plaintiffs allege that Superior failed to make the requisite fringe benefit contributions for the period of June 1, 2005 through December 31, 2005 in the amount of $66,048. See Vollbrecht Aff. ¶14, Maderich Aff. ¶9, and exhibits annexed thereto. The undersigned thus recommends that the plaintiffs be awarded delinquent contributions in that amount.

ERISA section 502(g)(2)(B) [29 U.S.C. §1132 (g)(2)(B)] mandates an award of interest as and for fringe benefits calculated either at the rate provided under the Funds' plan, or pursuant to 26 U.S.C. §6621 for nonpayment of fringe benefit contributions. The plaintiffs here seek interest pursuant to section 6621, and note that the applicable interest rates under that section can be found in the Internal Revenue Bulletin found at http://www.irs.gov/irb. Vollbrecht Aff. ¶¶15 & 16. The plaintiffs report that the compound interest rate pursuant to section 6621 was 6% from April 1, 2005 through September 30, 2005, 7% from October 1, 2005 through June 30, 2006, and is, as of September 20, 2006, the date up to which the plaintiffs seek interest, 8%. Maderich Aff. ¶10. Applying those rates, the plaintiffs seek interest in the amount of $4,440.69, and the undersigned recommends that they be awarded that amount. *See id.*

ERISA section 502(g)(2)(C) [29 U.S.C. §1132 (g)(2)(C)] also allows an award of statutory damages in the amount of interest. The undersigned thus recommends that the plaintiffs be awarded an additional $4,440.69 under that provision.

29 U.S.C. § 1132(g)(2)(D) mandates the award of reasonable attorneys' fees and costs incurred in the collection of unpaid fringe benefit contributions. When fixing a reasonable rate

for attorneys' fees, it is appropriate for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonably comparable skill, experience, and reputation. *See American Cablevision of Queens v. McGinn*, 817 F. Supp. 317, 320 (E.D.N.Y. 1993). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). Here, the plaintiffs have provided the requisite documentation and information, *see* Vollbrecht Aff. ¶¶19-21 and exhibits annexed thereto, and the undersigned recommends an award in the amount of $2,038.50 in attorneys' fees and $290 in costs.

**OBJECTIONS**

A copy of the Report and Recommendation is being sent by the Court to the plaintiffs by electronic filing. Counsel for plaintiffs shall serve a copy of this order on defendant and shall file proof of such service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
October 31, 2006

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge

4